IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DeANDRE D. CURRINGTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:22cv475-WHA-CWB |
| | ) |
| JOHN CROW, et al., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.    Introduction**

DeAndre D. Currington filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge the revocation of his probation by the Circuit Court of Dale County. (Doc. 1). The petition has twice been amended since its initial filing. (Docs. 15 & 22). In answer to the petition, Respondents argue that Currington has not yet exhausted all available state court remedies because his direct appeal remains pending in the Alabama Court of Criminal Appeals. (Doc. 28). Respondents thus contend that the petition should be dismissed without prejudice. For the reasons that follow, the undersigned agrees.

**II.    Discussion**

Pursuant to 28 U.S.C. § 2254(b)(1), it is a prerequisite to federal habeas corpus relief that a petitioner first have "exhausted the remedies available in the courts of the State." To satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his claim(s) to the state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). More specifically, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking

1

one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (citing 28 U.S.C. § 2254(c)).  In Alabama, that process includes a direct appeal to the Alabama Court of Criminal Appeals, an application for rehearing in that court, and a petition for writ of certiorari in the Alabama Supreme Court.  *See Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); *see also* Ala. R. App. P. 39 & 40.

From a review of the parties' submissions, it indeed appears that Currington has not exhausted his state court remedies. As Respondents observe, Currington's direct appeal is still pending.  Moreover, and although he was afforded an opportunity to show cause as to why his petition should not be dismissed (Doc. 30), Currington failed to address the exhaustion issue (Doc. 31). Without a demonstrated exhaustion of available state court remedies, it simply would be improper for the court to reach the merits of the petition. *See* 28 U.S.C. § 2254(1)(b)(2).

## III.   Conclusion

Accordingly, the undersigned hereby RECOMMENDS that Currington's petition for writ of habeas corpus, as amended (Doc. 1, 15 & 22), be DISMISSED WITHOUT PREJUDICE.

It is ORDERED that any objections to this Recommendation must be filed on or before December 1, 2022.  An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection.  Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark*

*Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this the 16th day of November 2022.

/s/ Chad W. Bryan
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**